**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CARLA BEEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:19-CV-2931SNLJ |
| | ) | |
| DAVID L. KLIETHERMES and SUK JA | ) | |
| KLIETHERMES d/b/a HOPE CLEANERS, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Plaintiff Carla Been filed this lawsuit on behalf of herself and others similarly

situated in the Circuit Court of St. Louis County, Missouri, claiming defendants' dry

cleaning business is engaged in a gender-discriminatory pricing scheme that constitutes

an illegal, "unfair practice" in violation of the Missouri Merchandising Practices Act

("MMPA"). Defendants David and Suk Ja Kliethermes d/b/a Hope Cleaners removed the

lawsuit to this Court, citing the Court's jurisdiction under the Class Action Fairness Act

("CAFA") [#1]. Plaintiff moved to remand [#8] and defendants have moved to dismiss

[#13]. The matter has been fully briefed and is ready for disposition.

Plaintiff claims that defendants violate the MMPA by charging an unreasonable

premium to dry clean women's clothing as compared to men's clothing. For example,

plaintiff alleges she brought materially identical shirts to be cleaned by defendants, and

they charged $6.75 for the woman's shirt and $3.25 for the man's shirt. Plaintiff alleges

there is no legitimate or material difference in the labor, materials, and/or related costs of

dry cleaning the shirts, and that, in fact, the man's shirt consisted of more material. She

brings her lawsuit on behalf of herself and a class of persons she defines as follows:

1

> All consumers in Missouri that, at any time during the Class Period, paid defendant to dry clean "women's shirt(s)" and/or "blouse(s)."

The "Class Period" is the five years before the filing of the complaint.

Defendants (who are citizens of Missouri) removed this case under CAFA, which permits removal to federal court class actions which (1) include at least 100 putative members, (2) involve an aggregate amount in controversy that "exceeds the sum or value of $5,000,000," and (3) includes at least one class member who "is a citizen of a State different from any defendant."  28 U.S.C. § 1332(d)(2), (d)(5); *Westerfeld v. Indep. Processing, LLC*, 621 F.3d 819, 822 (8th Cir. 2010).

Plaintiff moves to remand because (1) she argues that the $5,000,000 amount in controversy is not satisfied, and (2) regardless, the home state controversy exception applies.

As for the amount in controversy, defendants' Notice of Removal asserted that the $5,000,000 is met.  "The jurisdictional fact is not whether the damages are greater than the requisite amount, but whether a fact finder <u>might</u> legally conclude they are." *James Neff Kramper Family Farm P'ship v. IBP, Inc.*, 393 F.3d 828, 833 (8th Cir. 2005) (internal changes and quotation omitted) (emphasis added).

First, defendants point out plaintiff seeks damages "in the amount that each class member paid for a women's shirt and/or blouse to be dry cleaned by Defendant" during the five-year class period.  Given that plaintiff suggests there are "thousands" or "tens of thousands" class members who overpaid by $3.50 per shirt, defendant contends that between compensatory damages, the punitive damages claim, and the claim for attorneys' fees, the total amount in controversy is over $5,000,000.

The Notice of Removal, however, also states that Hope Cleaner's tax returns reflect a total of $263,346 for the 5 years between 2014 through 2018.  Oddly, the Notice of Removal cites to defendant Suk Ja Klietherme's declaration in support of that number, but the declaration states that Hope Cleaner's total revenue for that period was $380,425. The Court will assume the larger number is correct for the sake of this motion.

Plaintiff insists that if the defendants' five-year revenue was only $380,000, then the amount in controversy must be far below $5,000,000.  For example, assuming defendants were improperly charging double the appropriate cost for all of their items, then damages to the class would be half the total revenue, or approximately $190,000. Assuming attorneys' fees, for the sake of argument, are twice that amount, the total attorneys' fees are $380,000.  If the value of any injunction were included, and defendants insist that it should be, then another five years' value might be worth $190,000.   The total value before any punitive damages award would then be $760,000. Punitive damages would thus have to be at least $4,240,000 in order to reach $5,000,000. That is, punitive damages would have to be over a 20-times multiple of the $190,000 compensatory damages number.

Defendants come up with a possible award of over $500,000 including compensatory damages, attorneys' fees, and the value of the injunctive relief.  They insist that a punitive damages award of over $4 million is possible with only an 8-times multiplier.  But, to get there, they include the value of the compensatory damages plus the attorneys' fees plus the presumed value of a 5-year injunction.  [#16 at 3.]  Defendants' own authorities, however, assume multipliers of 3.98 to 6.7 applied to the actual damages—not damages plus attorneys' fees plus the injunction value.  *Id.*; *see, e.g., Bass*

3

*v. Carmax Auto Superstores, Inc.*, 07-0883-CV-W-ODS, 2008 WL 441962, at *2 (W.D. Mo. Feb. 14, 2008).

All in all, the defendants engage in contortions to arrive at the $5,000,000 amount in controversy. It is unrealistic—if not absurd—to think that a jury might award over $4,000,000 in punitive damages on actual damages of $190,000 against a dry cleaning business with yearly revenue of approximately $52,000-$76,000.  And, of course, the $190,000 number assumes that defendants wrongfully charged double for every item they sold—an obvious overestimation.  Either way, defendants cannot meet their burden of showing the amount in controversy exceeds $5,000,000.

Even if, somehow, this Court could find that the amount in controversy exceeds $5,000,000, then the "home-state" or "local controversy exception" requires remand because more than two-thirds of the plaintiff class are Missouri citizens.  *See* 28 U.S.C. § 1332(d)(4)(A).

Under the local controversy exception, a district court must decline to exercise jurisdiction over a class action (1) in which more than two-thirds of the class members in the aggregate are citizens of the state in which the action was originally filed, (2) at least one significant defendant is a citizen of the state in which the class action was originally filed, (3) the principal injuries were incurred in the state in which the action was filed, and (4) no other class action alleging similar facts was filed in the three years prior to the commencement of the current class action.  28 U.S.C. § 1332(d)(4)(A); *Westerfeld*, 621 F.3d at 822.  The burden is on the party seeking remand to show the exception to CAFA jurisdiction applies by a preponderance of the evidence.  *Id.*; *Hood v. Gilster-Mary Lee Corp.*, 785 F.3d 263, 265 (8th Cir. 2015).

4

There appears to be no doubt that the second, third, and fourth factors for the local controversy exception are met here.  The parties' dispute pertains to the first factor, whether more than two-thirds of the class members are Missouri citizens.  Although the class definition does not state that the class members must be Missouri citizens, it does require them to be Missouri residents (or otherwise in Missouri) because they must be "consumers in Missouri"; plaintiff also states she brings the lawsuit "on behalf of a putative class of Missouri residents."  [#4 at ¶ 12 and ¶ 7.]  Notably, Hope Cleaners is located in south St. Louis County, approximately eight miles from the Illinois border.

Defendants argue that plaintiff cannot show that more than two-thirds of the class are Missouri citizens.  To be a citizen of Missouri, a Missouri resident must also intend to stay in Missouri.  *See Hargett v. RevClaims, LLC*, 854 F.3d 962, 965 (8th Cir. 2017).  Citizenship requires an intent to make a place home.  *Id.*  The defendants take the broad view of plaintiff's class definition and assume it encompasses anyone using the defendant's dry cleaning services and not just Missouri citizens.   In that regard, defendants suggest that some customers may come from Illinois and might thus qualify for class membership as "consumers in Missouri."  Defendants contend that plaintiff has not proved that two-thirds of the class of customers are citizens of Missouri.

However, it is not at all reasonable to suggest that two-thirds of the class of defendants' customers are citizens of some other state, particularly given that the business is eight miles from Illinois.  Plaintiff bolsters her argument with U.S. Census data.  That data show 84% of Missouri residents in 2018 were living in the same house one year ago, and that Missouri only experienced a 2.3% population change from April 1, 2010 to July 1, 2018.  This shows a low rate of residential mobility and that the overwhelming majority of Missouri residents have been and remained in Missouri for

5

multiple years, indicating citizenship as well as residency.  Although this Court is cognizant of the Eighth Circuit's admonition not to rely on "guesswork" in these matters, *Hargett*, 854 F.3d at 966, it is unfathomable that more than one-third of defendants' dry cleaning customers are citizens of some other state.

Because defendant has not established the $5,000,000 amount in controversy requirement, and because the local controversy exception likely applies, this Court will remand plaintiff's case to state court.

Plaintiff seeks attorneys' fees for her motion to remand pursuant to 28 U.S.C. § 1447(c).  Such fees may be awarded when the removing party lacks "an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  Plaintiff argues that no reasonable basis for removal existed here.  In light of the above analysis, this Court agrees.  Defendants contorted themselves to assert a $5,000,000 amount in controversy, and it is a far stretch to believe that the local controversy case would not apply in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiff's motion to remand [#8] is

GRANTED.

**IT IS FURTHER ORDERED** that the plaintiff shall submit proof of attorneys'

fees incurred in pursuing her motion to remand by May 12, 2020.

**IT IS FURTHER ORDERED** that this matter shall be REMANDED to the

Circuit Court for the County of St. Louis, Missouri.

**IT IS FINALLY ORDERED** that the defendants' motion to dismiss [#13] is

DENIED as moot.

Dated this __29th__ day of April, 2020.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE